UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>                    Plaintiff,<br><br>        v.<br><br>DR. ROGERS; DR. WORLEY;<br>CORIZON; and NURSE BREWER,<br><br>                    Defendants. | Case No. 1:21-cv-00340-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff James Edward Jones is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 9.

Plaintiff has now filed an Amended Complaint. *See* Dkt. 10. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on most of the claims in the Amended Complaint.

1.      **Standards of Law**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. *Am. Compl.*, Dkt. 10, at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

**2.      Discussion**

Plaintiff renews his Eighth Amendment claims against Defendants Rogers, Worley, and Corizon, alleging that he has not been provided with adequate medical treatment. Plaintiff has also added claims against Defendant Brewer, whom Plaintiff describes as a "supervisor of nurses." *Am. Compl*. at 10.

The Court has described the standards for Eighth Amendment medical treatment claims previously and will not repeat them here. *See Init. Rev. Order* at 4–13. Having considered those standards along with Plaintiff's new factual allegations, the Court concludes that the Amended Complaint states plausible Eighth Amendment claims against Defendants Rogers, Worley, and Corizon—but not against Defendant Brewer.

Plaintiff alleges that he informed both Dr. Rogers and Dr. Worley that he was in serious pain and that his pain medication was not sufficient. These Defendants responded by calling Plaintiff a liar and a junkie. These allegations support a reasonable inference that Rogers and Worley knew of a substantial risk of serious harm to Plaintiff—continual severe pain—yet deliberately disregarded that risk. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

The Amended Complaint also asserts plausible Eighth Amendment claims against Defendant Corizon. Dr. Rogers allegedly told Plaintiff that it was "not general practice to give inmates pain meds." *Am. Compl*. at 2. This gives rise to a plausible inference that Corizon has a policy, custom, or practice of not providing pain medication to inmates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell*'s requirements, with respect to

municipal liability for civil rights violations, to private entities performing a government

function).

However, the Amended Complaint does not state a plausible claim against Nurse

Brewer. Brewer was not one of Plaintiff's treating health care providers. *Am. Compl.* at 10.

Plaintiff alleges only that Brewer "denied [him] medical care" or referral to a doctor and

did not adequately supervise other nurses. *Id*. These allegations do not support a reasonable

inference that Brewer knew of the "culpable actions" of the treating providers such that

Brewer's action or inaction "amounted to acquiescence in the unconstitutional conduct of

… subordinates." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). Therefore, Plaintiff's

claims against Defendant Brewer will be dismissed.

**3.      Request for Appointment of Counsel**

Plaintiff requests appointment of counsel. *Am. Compl.* at 11. Unlike criminal

defendants, prisoners and indigents in civil actions have no constitutional right to counsel

unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18,

25 (1981). Whether a court appoints counsel for indigent litigants is within the court's

discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*.

To determine whether exceptional circumstances exist, the court should evaluate two

factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the

plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and

both must be evaluated together. *Id*.

Plaintiff's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if Plaintiff's allegations are proven at trial. However, without more than the bare allegations of the Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful. Rather, it merely finds that some are plausible— meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

**IT IS ORDERED:**

1.     Plaintiff's Motion to Review the Amended Complaint (Dkt. 11) is GRANTED.

2.     Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

3.    Plaintiff may proceed on Eighth Amendment medical treatment claims against Defendants Rogers, Worley, and Corizon. All other claims against all other Defendants are DISMISSED, and Nurse Brewer is TERMINATED as a party to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.

4.    Defendants Rogers, Worley, and Corizon will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 10), a copy of this Order, and a Waiver of Service of Summons to **Kevin West and Dylan Eaton, Parsons Behle & Latimer, 800 W. Main Street, Suite 1300, Boise, Idaho, 83702**, on behalf of these Defendants.

5.    Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6.      If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

7.      The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8.      Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9.      Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

10.     Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11.     The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12.  All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13.  No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14.  Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15.  Pursuant to General Order 324, this action is hereby RETURNED to the

Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: February 25, 2022

David C. Nye
Chief U.S. District Court Judge