UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM ROGERS; SELAH WORLEY;<br>and CORIZON, LLC,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00340-AKB<br><br>**ORDER ON PENDING<br>MOTIONS AND NOTICE<br>OF INTENT TO RULE** |

　　　　Plaintiff James Edward Jones, a pro so prisoner in custody of the Idaho Department of Correction (IDOC), was authorized to proceed in forma pauperis in this civil rights action against Defendants Corizon Health, Inc. (Corizon);[1] William Rogers, a Corizon employee; and Selah Worley, also a Corizon employee. This case has been continuously litigated since the original Complaint was filed on September 3, 2021. Having reviewed the docket and the pending motions in this case, the Court now addresses the outstanding procedural issues and will permit this case to proceed in part.

　　　　A complicating factor in this case is that Plaintiff's claims and the individual Defendants' employment span a time period when Corizon was IDOC's contracted medical provider, continuing through the time when Centurion Health, Inc. (Centurion) became the new contracted provider after the Corizon contract with IDOC ended. For this reason, the individual Defendants have two different sets of counsel. For the Corizon era, Defendants' lead counsel was Attorney Dylan Eaton, formerly of Parsons, Behle & Latime, and is now Attorney Carsten Peterson of

---

[1] Corizon Health, Inc., is the correct legal name for the entity Plaintiff named, "Corizon, LLC."

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 1

Hawley Troxell LLP. For the Centurion era, including the present, Defendants have been represented continuously by Attorney Eric Stokes of Gjording Fouser PLLC.

Another complicating factor is that Defendant Corizon filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under Case No. 2390086-CML, on February 13, 2023. An automatic bankruptcy stay is in effect for Corizon under 11 U.S.C. § 362; a discretionary stay associated with the automatic stay may be in effect for employees or officers who sought and were granted bankruptcy court protection from ongoing litigation under that court's equitable powers.

Yet another complicating factor is that, after Corizon filed for bankruptcy, the attorneys of record who represented the Corizon entity and the individual Defendants withdrew from this case. (Dkts. 50 to 52). United States District Judge B. Lynn Winmill issued an Order permitting the attorneys to withdraw and requiring all Defendants to file a notice of pro se representation or notice of appearance of new counsel within twenty-one (21) days after service of the Order on Defendants. (Dkt. 52). Defendants were served on May 15, 2023, requiring a response by June 15, 2023. Corizon filed nothing in response. The individual Defendants filed notices to appear pro se. Worley's notice was filed on June 15, 2023, which was timely. The timeliness of Rogers' first pro se appearance is a disputed fact—the docket reflects that on June 22, 2023, Rogers filed what he deemed a second notice, stating that he had sent the Clerk of Court a first notice on June 5, 2023. (Dkts. 55, 58). No first notice was docketed, for reasons unknown. By June 30, 2023, Defendants both had obtained new counsel, who filed a notice of appearance. (Dkt. 60).

The final intertwined complicating issues are these. On December 22, 2022, before the Corizon-era attorneys withdrew from representation, they filed a Motion for Summary Judgment, asserting entitlement to denial and dismissal of all of Plaintiff's claims against all Defendants.

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 2

(Dkt. 44). Plaintiff responded. (Dkt. 46). That motion remains pending and ready for adjudication. But, *before* adjudication of that motion, *after* former counsel withdrew from this case, and *before* new Corizon-era counsel appeared for the individual Defendants, Plaintiff filed a Motion for Default Judgment against all three Defendants. (Dkt. 56).

The Court will now sort out the various interrelated issues raised in the parties' pending motions, issuing rulings on some motions and providing the parties with advance notice of its intent to rule on others.

### 1. Automatic Bankruptcy Stay Applies to Claims against Corizon

It is clear that Plaintiff presently cannot proceed against Defendant Corizon because of the automatic bankruptcy stay. Title 11 U.S.C. § 362(a) provides that a Chapter 11 bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment or process, of a judicial, administrative, or other proceeding against the debtor." Therefore, all claims against Corizon are stayed and will remain stayed until one of the parties notifies the Court of a final order from the bankruptcy court affecting this proceeding, for example, a discharge of the claims or a notice that the bankruptcy petition has been dismissed. If Plaintiff has not received a creditor's notice as to his filing of a proof of claim in the bankruptcy court, he should contact the bankruptcy court.

### 2. The § 362 Automatic Bankruptcy Stay Does not Apply to Co-Defendants; a § 105 Equitable Stay Must be Requested

As to the remaining individual Defendants, the first question to be determined is whether the automatic bankruptcy stay requires this entire case to be stayed or whether Plaintiff's claims against Co-Defendants Rogers and Worley can be severed into a new case upon which Plaintiff can proceed, leaving behind the claims against Corizon in this case until further order of the bankruptcy court.

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 3

The automatic bankruptcy stay provision merely suspends civil proceedings to which it applies; it does not divest the court of jurisdiction. *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). But does that mean the entirety of a pending civil litigation must be stayed, or just the claims against the bankruptcy debtor? That question was answered in the early 1980s. Based upon the language and purpose of the stay provision, it is "quite clear that, in Chapter 11, the protections afforded the bankrupt are designed for the debtor-bankrupt only." *In re Related Asbestos Cases*, 23 B.R. 523, 528 (N.D. Cal. 1982) (internal quotation marks omitted).

In *In re Aboussie Brothers Construction Co.*, 8 B.R. 302 (E.D. Mo. 1981), the United States District Court for the Eastern District of Missouri affirmed the bankruptcy court's refusal to enjoin the plaintiff from continuing with its suit in state court against the individual partners of a bankrupt partnership after the filing of the Chapter 11 petition stayed the action against *the partnership*, despite the fact that suit might impair the partners' ability to contribute funds to the reorganization of the debtor. *Id*. at 303.

In *In re Related Asbestos Cases*, the U.S. District Court for the Northern District of California opined that, regardless of whether the co-defendants were jointly and severally liable as joint tortfeasors with the bankrupt debtor or jointly liable as contractual obligors, the result was still the same: "section 362 and its analogous predecessors serve to protect the estate of the bankrupt alone and do not encompass actions against related but independent codefendants." 23 B.R. at 529. That court relied on reasoning from *Kindle v. Fibreboard*, No. TY-79-35-CA (E.D. Tex. Aug. 12, 1982) (unpubl.), where the court ordered that all claims and crossclaims brought by or against the bankruptcy debtor, Unarco, be severed and stayed and the remaining actions be permitted to proceed. The court in *Kindle* concluded that the automatic stay was intended to give the *debtor* a "breathing spell," and "severance would not interfere with the orderly arrangement of

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 4

Unarco's affairs by the Bankruptcy Court." *In re Related Asbestos Cases*, 23 B.R. at 529. The *Asbestos* case adopted that reasoning, permitting claims against the non-bankrupt co-debtors to proceed, specifically emphasizing the following:

> Even more important, however, is the fact that the plaintiffs have alleged serious injuries and are, presumably, in need of the compensation they seek in these civil actions. While it may well be that defendants cannot be held liable for any injuries that plaintiffs may attempt to establish at trial, clearly plaintiffs' right to a day in court should not be further postponed.

*Id*. at 529-30 (citation omitted).

In 1983, the United States Court of Appeals for the Fifth Circuit announced: "We join those courts concluding that the protections of § 362 neither apply to co-defendants nor preclude severance." *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 544 (5th Cir. 1983). That same year, the United States Court of Appeals for the Sixth Circuit pronounced: "It is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Lynch v. Johns-Manville Sales Corp*., 710 F.2d 1194, 1196 (6th Cir. 1983). In 1984, the United States Court of Appeals for the Ninth Circuit agreed that § 362(a) "does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *In re Chugach Forest Prod., Inc*., 23 F.3d 241, 246 (9th Cir. 1994).

Although the automatic bankruptcy stay, by its express language, applies only to the bankruptcy debtor, bankruptcy courts in several Circuits have provided equitable protection for co-debtors in the exercise of the bankruptcy court's discretionary power in "unusual circumstances." *See id*. at 246–47 (acknowledging Fourth and Fifth Circuit application of the unusual circumstances exception but not deciding whether the exception would be adopted in the Ninth Circuit). Many courts have reasoned that, because the express language of § 362 applies

only to the bankruptcy debtor, a bankruptcy court can "extend" a stay to a co-defendant (1) only through its discretionary authority under § 105; and (2) only when a co-defendant requests that the bankruptcy court order a discretionary stay—such a discretionary stay is never "automatic." *See, e.g.*, *In re Johnson*, 548 B.R. 770, 788-89 (Bankr. S.D. Ohio 2016) (bankruptcy court is not acting under § 362(a) but is instead issuing order in equity under § 105 when extending stay beyond statutory terms); *In re All Seasons Resorts, Inc.*, 79 B.R. 901, 904 (Bankr. C.D. Cal. 1987) (finding co-debtor "should have moved pursuant to § 105 and § 362 for expansion of the automatic stay. As previously discussed, the automatic stay does not automatically encompass co-defendants. A court must make that determination upon the request of the debtor.").

In *Ingersoll–Rand Financial Corp. v. Miller Min. Co.*, 817 F.2d 1424 (9th Cir. 1987), the court clarified that a § 105 stay could not be extended to a guarantor of a debtor absent "special circumstances." *Id*. at 1427 (permitting civil appeal to proceed against the debtor's guarantor in "the absence of any order from the bankruptcy court staying proceedings as to the guarantor"). In *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093, 1100 (9th Cir. 2007), the Ninth Circuit established a standard for granting a § 105(a) preliminary injunction staying an action against a non-debtor, holding that "a bankruptcy court asked to enjoin a proceeding between two non-debtors must balance the debtor's likelihood of successfully reorganizing with the relative hardship of the parties."

Here, the individual Defendants do not contend that they have applied for, and been granted, bankruptcy court protection from litigation under § 105. Accordingly, the Court considers severance, which is a required procedural step, given that no civil case can proceed against the bankruptcy debtor co-defendant Corizon.

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 6

### 3. Discretionary Severance Applied to Individual Co-Defendants

Entirely outside the bankruptcy arena, this Court still possesses discretionary authority to decide whether to stay a civil proceeding where one co-defendant is in bankruptcy and the others are not. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).[2] After staying the portion of the case involving the bankruptcy debtor, courts presiding over pending civil cases review a number of factors to determine whether to sever and continue to adjudicate claims against remaining non-debtor co-defendants *or* to grant a discretionary stay for them, as well.

Federal Rules of Civil Procedure 21 and 42(b) provide for discretionary adding, dropping, rearranging, and severing of parties and claims to serve judicial economy and aid consistency. Among the factors to consider in applying a discretionary severance or stay in this context are the following:

- Whether the plaintiffs are seeking compensation for serious injuries and are in immediate need of the compensation they seek, such that their "right to a day in court should not be further postponed." *In re Related Asbestos Cases*, 23 B.R. at 529–30.

- Whether the allegations against the bankrupt and its officers are "inextricably interwoven, presenting common questions of law and fact" that should be resolved in one proceeding. *Id*. at 530.

- Whether the co-defendants can make a clear case of hardship or inequity in being required to go forward. *Id*. at 531 ("[D]iscretion would be abused by a stay of indefinite duration in the absence of a pressing need.") (internal quotation marks omitted).

---

[2] Even if the bankruptcy court does not include co-debtors within a stay, there exists in every civil case a "general discretionary power of district courts to stay proceedings in the interest of justice and in control of their dockets." *Wedgeworth*, 706 F.2d at 545. "Although we recognize the court's broad discretion in this area, such control is not unbounded. Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id*. (citing *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936)).

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 7

- Whether the bankruptcy debtor is an indispensable party. *In re Cloud Nine, Ltd.*, 3 B.R. 202, 204 (Bankr. D.N.M. 1980) (allowing creditors to continue state court action against codebtors); *see In re Related Asbestos Cases*, 23 B.R. at 530 ("Joint tortfeasors are not considered indispensable parties under federal law."); Fed. R. Civ. P. 19.

The Court gives the parties notice that it intends to exercise its discretion to sever Plaintiff's cases against Defendants Rogers and Worley into a new, separate case unless they can show that they have applied for and been granted protection in the bankruptcy proceeding or qualify for a discretionary stay in this civil action. In any event, the Court must stay the claims against Corizon. The Court will provide the parties with an opportunity to respond to this Order before the Court takes final action.

### 4. Plaintiff's Motion for Default Judgment

Plaintiff has filed a Motion for Default Judgment against all Defendants. The Centurion-era counsel for Defendants has responded in opposition. (Dkt. 59). The Court agrees with Defendants that Plaintiff is not entitled to default judgment under the circumstances of this case for a multiplicity of reasons.

#### A. *Failure to Seek and Obtain Entry of Default from Clerk of Court*

The "general rule" established in the Ninth Circuit is that "default judgments are ordinarily disfavored," because complaints "should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Federal Rule of Civil Procedure 55 provides for a two-step process in obtaining a default judgment. First, the plaintiff must request entry of *default* from the clerk by submitting an affidavit showing that the defendants have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 8

Upon a proper request for entry of default, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Second, after the clerk enters a default, the moving party must then seek an entry of *default judgment* from either the clerk or the court—whichever is proper under the facts and procedural posture of the case. Fed. R. Civ. P. 55(b)(1) & (2). The clerk is authorized to enter default judgment only when the plaintiff's claim is for a *sum certain* against a *legally competent* defendant that *has not appeared* in the case. Fed. R. Civ. P. 55(b)(1). In all other cases, only the court is authorized to enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Here, Plaintiff filed only a "Motion for Default Judgment," which is the second step in the default judgment process. (Dkt. 56). He did not first make a request for entry of default from the clerk of court. His motion cannot be construed as such a request, because it clearly says "Motion for Default Judgment," not motion or request for entry of default, and it clearly requests only an entry of "default judgment." Because Rule 55 makes that distinction, the Court is bound to do so, despite Plaintiff's pro se status. Therefore, his Motion for Default Judgment is procedurally improper and subject to denial for failure to comply with Rule 55(a).

**B.** *Violation of Automatic Stay in Seeking Default Judgment against Corizon*

As to Defendant Corizon, Plaintiff's Motion for Default Judgment violates the § 362 automatic stay in effect as a result of Corizon's Chapter 11 petition. The motion seeks a judgment against Corizon in the amount of $30,000. Section 362(h) of the Bankruptcy Code permits sanctions for willful violations of § 362(a). A willful violation is satisfied if a party knew of the automatic stay, its actions in violation of the stay were intentional, and the debtor suffered damages. *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992).

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 9

If Corizon appeared and defended against Plaintiff's Motion for Default Judgment, Corizon would have incurred attorney fees and costs and may have qualified for imposition of sanctions against Plaintiff for violating the stay. *See In re Johnson*, 548 B.R. at 788-89 (finding violation of automatic stay because "RFF chose not to seek a determination of the automatic stay's application to the Arbitration Action and State Court Action or to seek relief from the stay. Instead, RFF proceeded to prosecute the actions without any notice to the Debtor."). Thus, this portion of Plaintiff's motion will be denied.

### C. *Equities of Request for Entry of Default Judgment against Individual Defendants*

As to the individual Defendants, the Court first concludes that Defendant Worley filed a notice of intent to appear pro se within the requisite time period set forth in Judge Winmill's Order, by June 5, 2023, thus requiring the Court to deny Plaintiff's request for entry of default against her. (Dkt. 55). As noted above, Defendant Rogers asserts he filed his first notice on June 5, 2023, though only his "second" notice of June 22, 2023, was docketed. (Dkt. 58). His assertion that he filed a first notice is an outstanding dispute of fact. The Court finds, however, that because Rogers at the least filed a notice within a reasonable time period, i.e., seventeen days after the deadline, the Court should consider the *Eitel* factors in the alternative to finding that Plaintiff is not entitled to a default judgment because he did not comply with Rule 55(a) as to any Defendant, including Rogers. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (identifying factors).

Even where a plaintiff *does* comply with Rule 55(a), a district court may exercise its discretion to deny the plaintiff's motion for entry of default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (observing defendant's default does not automatically entitle plaintiff to court-ordered judgment); *In re Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991) (same). In the Ninth Circuit, the following seven "*Eitel* factors" guide a district

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 10

court's discretionary decisionmaking: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

The Court concludes that the seven *Eitel* factors do not weigh in favor of entry of default judgment. The first factor is the possibility of prejudice to the plaintiff if default is not entered. For example, in *PepsiCo*, the court found that PepsiCo would be prejudiced if the motion for default were not granted because it would be without another method of recourse from Defendant California Security Cans, a company that was using PepsiCo's trademark without its consent, was properly served with the Complaint, and had engaged in settlement negotiations for a time but eventually ignored the lawsuit, refusing to respond to PepsiCo's inquiries. 238 F. Supp. 2d at 1177.

Here, the facts are much different: Plaintiff is not faced with Defendants who have ignored his request for adjudication of his claims against them. To the contrary, Defendants Rogers and Worley properly appeared, filed answers, and even filed a summary judgment motion in this case. Defendants continuously appeared and defended before, during, and after the request for default judgment through their Centurion-era set of counsel, albeit that set of counsel represented them only for certain claims. Defendant Worley filed a notice of intent to appear pro se within the deadline, on June 5, 2023. (Dkt. 55). Rogers' notice that *was* docketed, was filed within seventeen days of the deadline; Rogers also included a request that the Court deny Plaintiff's motion for default judgment. (Dkt. 58). Plaintiff has adequate recourse here—it is to proceed to the merits of his claims, first by defending the pending summary judgment motion, and, if successful, then proceeding to jury trial. The first factor weighs in favor of Defendants.

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 11

The second factor is the merits of the Plaintiff's substantive claim. The record reflects that, on September 8, 2022, Judge Winmill assessed the merits of Plaintiff's claims that Defendants had failed to provide him with adequate pain medication for severe pain and neuropathy in his leg, in the context of a motion for a preliminary injunction. Judge Winmill reviewed Plaintiff's medical records to determine whether Plaintiff would suffer irreparable injury during the course of litigation. Judge Winmill opined:

> The only medical evidence in the record suggests that Plaintiff's pain management treatment has been medically appropriate and "well within the applicable standards of medical care." Worley Decl. ¶ 31. Plaintiff is consistently evaluated by medical providers, has been prescribed multiple medications that have been changed several times to try to lessen his pain, and has received multiple x-rays and physical therapy. Plaintiff's treating providers believe that Plaintiff's treatment "is still consistent with prior specialists' recommendations for treatment for his neuropathy" and that an evaluation by a specialist now would "very likely" not change Plaintiff's course of treatment. *Id*.

(Dkt. 31, pp. 10-11).

Specifically as to the merits of the claims, Judge Winmill found:

> Plaintiff's allegations about his medical treatment seem to be little more than a disagreement with his treating providers about the proper course of treatment for his chronic pain. Such disagreements do not suggest deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).
>
> Here, the medical records do not suggest that Plaintiff's providers have acted with deliberate indifference. Plaintiff has admitted prior substance abuse, including opioid use. Prison medical providers' concerns about the potential for abuse are understandable and justified. Further, the only evidence in the record reveals that the applicable standard of care is not to treat chronic or long-term pain with opioid medication, which Plaintiff has requested on numerous occasions. Because it appears at this point that Plaintiff's treatment has been medically appropriate, it is unlikely that Plaintiff will succeed on his Eighth Amendment claims of inadequate medical treatment.

*Id*., pp. 11–12.

Based on Judge Winmill's analysis, this Court finds that the second *Eitel* factor weighs in favor of Defendants. In fact, Defendants have asserted that Plaintiff's claims are without merit in

their pending Motion for Summary Judgment, and Plaintiff has responded. There is no reason that Plaintiff should obtain a windfall by obtaining default judgment in the midst of this continuously contested action (with the only exception being a seventeen-day delay by Rogers as to his Corizon-era claims), when the merits are on the cusp of adjudication.

The third factor is the sufficiency of the complaint. The Court has liberally construed Plaintiff's claims against Defendants to be sufficient. This factor weighs in Plaintiff's favor. However, this case is well beyond the stage of assessing "sufficiency of the complaint," and the merits have been briefed and been at issue in the summary judgment motion and response since January 19, 2023—six months before Plaintiff's Motion for Default Judgment.

The fourth factor is the sum of money at stake in the action. Plaintiff seeks $5,000 from each Defendant personally. With Corizon's bankruptcy, there is little prospect for indemnification. The sum of $5,000 is "large" when each Defendant is faced with paying that amount personally. The Court finds that this factor weighs in favor of Defendants.

The fifth factor is the possibility of a dispute concerning material facts. This factor favors Defendants, given the pending Motion for Summary Judgment. The general rule that once default has been entered, "the factual allegations of the complaint, except those relating to damages, will be taken as true," *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012), certainly does not apply to the procedural posture of this case. Defendants properly contested the merits of Plaintiff's claims prior to the request for default judgment but were required to wait for the court to adjudicate the dispute.

The presence of an outstanding summary judgment motion in this case is very much an anomaly among published and unpublished cases addressing motions for default judgment. The Court has not found a case of precedent, or one at all, with similar facts. Most default judgment

requests arise from instances where the defendants did not defend at all, or from sanctions because the defendants' actions were grossly improper during litigation. Neither happened here. Worley and Rogers did not simply ignore the suit at the outset, nor did they ignore the Court's notice to appear or find new counsel. Here the battle has been hard-fought throughout the course of litigation. Defendants successfully fended off a request for preliminary injunctive relief and then made their next defensive move. Summary judgment was upon Plaintiff, but not yet adjudicated when Corizon declared bankruptcy.

Defendants, who had expected a defense and likely indemnity from their former employer, were left scrambling after their Corizon-era counsel left them, but they continued to defend through their existing Centurion-era counsel. They quickly made a comeback with pro se notices and a successive counsel notice as to the Corizon-era claims. (Dkts. 55, 58, 60). After Defendants' attorneys left them, Defendants had no reason to suspect the summary judgment motion would not be adjudicated; otherwise, all of their attorneys' prior work would be for naught. The Court has found no case law suggesting an outstanding motion for summary judgment by co-defendants is nullified by another co-defendant's bankruptcy filing or by a seventeen-day extension of the search for new counsel after a bankrupt employer ceases to provide an ongoing defense for its former employees.

The sixth factor is whether the default was due to excusable neglect. Only Rogers' response time to Judge Winmill's Order is at issue because Worley's docketed response was timely. In his response, Rogers states that "As noted in my letter to the court dated 06/05/2023, I am proceeding pro se in the above matter. Corizon/YesCare continues to seek local counsel for me." (Dkt. 58, p. 1). There is no June 5, 2023, letter entered on the docket, and therefore this presents a dispute of fact as to whether it was sent or lost after being sent. It is possible that Rogers could show that he

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 14

was negligent in mailing his June 5, 2023, notice to the Clerk of Court. Because no evidence has been proffered and no factual finding made on this point, the Court concludes that the "excusable neglect" factor is not at issue here.

The seventh factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, strongly favors Defendants again, due to their continuous defense of this litigation, including the Motion for Summary Judgment awaiting adjudication. Plaintiff filed his response to the summary judgment motion well before filing his motion for default; he should have had no expectation that the earlier motion would *not* be adjudicated in due course. No prejudice will come to Plaintiff from continuing the litigation as it was before the Corizon bankruptcy and before Plaintiff's first set of Corizon-era attorneys withdrew.

In all instances, the decision to enter a default judgment is discretionary. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In summary, no Rule 55(a) request was made or entered in this case. Either one or both individual Defendants responded to the Order to appear pro se or through counsel on time, or one responded on time and one responded seventeen days late. This factual dispute does not affect the Court's conclusion. Five of seven *Eitel* factors weigh strongly in favor of Defendants; one weighs in favor of Plaintiff; one presently is inapplicable. The Court declines to spend scarce judicial resources adjudicating a dispute of fact over seventeen days, but instead will deny Plaintiff's Motion for Default Judgment. The Court gives the parties notice that it intends to rule on the longstanding Motion for Summary Judgment in due course, unless Defendants assert, and convince the Court that, a discretionary stay is appropriate.

**ORDER ON PENDING MOTIONS AND NOTICE OF INTENT TO RULE** - 15

### 5. Status of Other Pending Motions

If the claims against Defendants Rogers and Worley are severed, and Plaintiff is permitted to proceed against them, the Court will order that their pending Motion for Summary Judgment be filed in that case. It would be a waste of resources for the Court to require Defendants Rogers and Worley to file a new summary judgment motion. The Court, however, will provide their new counsel opportunity to supplement the motion within twenty-one days after entry of a severance order and Plaintiff to supplement his response within twenty-one days after Defendants file a supplement.

Plaintiff has filed a "Motion of Objection to Suggestion of Bankruptcy and Automatic Stay." (Dkt. 49). Under § 362 of the Bankruptcy Code, this Court must stay the claims against Corizon. To that extent, the objection will be overruled and the motion denied.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment (Dkt. 56) is DENIED.

2. Plaintiff's "Motion of Objection to Suggestion of Bankruptcy and Automatic Stay" (Dkt. 49) is OVERRULED and DENIED.

3. Defendants' Motion for Leave to File Excess Pages in support of the Motion for Summary Judgment (Dkt. 43) is GRANTED.

4. Within **twenty-one (21) days** after entry of this Order, the parties shall file simultaneous responses to the Court's notice of intent to sever the claims against Defendants Rogers and Worley and to adjudicate those Defendants' pending Motion for Summary Judgment in a new case. The parties are ordered to file as exhibits to their responses any applicable

bankruptcy orders that bear on the issues addressed herein and raise any related issues that may require the Court's attention.

DATED: August 16, 2023

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge